IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE W. KOPASKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Cause No.: 07-479-JPG |
| ) | |
| UNION PACIFIC RAILROAD ) | |
| COMPANY, ) | |
| ) | **PLAINTIFF DEMANDS** |
| ) | **TRIAL BY JURY** |
| Defendant. ) | |

## COMPLAINT

### COUNT I
### (Federal Employers' Liability Act)

COMES NOW the Plaintiff, BRUCE W. KOPASKEY, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for his Complaint against the Defendant, UNION PACIFIC RAILROAD COMPANY, (hereinafter referred to as "UNION PACIFIC"), respectfully states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51-60, and Title 28 Section 1331, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, UNION PACIFIC, was a corporation and was controlled, operated and maintained in interstate commerce, and in transporting interstate commerce between various states including the State of Illinois.

3. That at all times relevant herein, the Defendant, UNION PACIFIC, maintains a yard, and repair and inspection facilities, located in Dupo, St. Clair County,

2

Illinois.

4.	That at all times relevant herein, the Plaintiff, BRUCE W. KOPASKEY, was employed by the Defendant as a locomotive engineer, and had been since on or about 1995.

5.	That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant or in some way directly or substantially affected said commerce.

6.	That on or about November 24, 2005, Plaintiff, and a student engineer, were operating a locomotive and train southbound near Pence Interlocking, Momence, Kankakee County, Illinois.

7.	That at the above time and place, Plaintiff was employed by the Defendant as a locomotive engineer, and in the performance of his duties as a locomotive engineer, was injured while in the operation of the locomotive.

8.	That at the said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

(a)	Failed to provide Plaintiff with a reasonably safe place in which to work;

(b)	Failed to provide Plaintiff with a reasonably safe manner within which to work;

(c)	Failed to maintain the dynamic brake system of the locomotive;

(d)	Failed to properly train, supervise and instruct their student engineer; and

(e)	Assigned a student engineer to said locomotive when it knew or should have known that the student engineer was not fit for assignment.

9.     That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, by and through its agents, servants and employees, the Plaintiff was injured when the student engineer missed a signal and the locomotive struck an eastbound train causing the Plaintiff to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissue, bones and vertebrae of the neck, back and spine; injuries to his rotator cuff and right shoulder; that he sustained a right calcaneus fracture, injuries to his lungs due to smoke inhalation; and contusions, cuts, abrasions, and bruises and injuries to his entire body; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries, that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to spend large sums of money for necessary medical car, treatment, and services; all to the Plaintiff's damage.

Wherefore, the Plaintiff, BRUCE W. KOPASKEY, prays judgment against the Defendant UNION PACIFIC in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest, and for such other relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

## COUNT II
### (Federal Employers' Liability Act)
### (Locomotive Inspection Act)

COMES NOW the Plaintiff, BRUCE W. KOPASKEY, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for his count against the Defendant, UNION PACIFIC RAILROAD COMPANY, (hereinafter referred to as "UNION PACIFIC"), respectfully states as follows:

1.-6. As and for paragraphs 1-6 of this Count, Plaintiff repeats and realleges paragraphs 1-6 of Count I.

7. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Locomotive Inspection Act 49 U.S.C.A. Sections 20701 et. seq., as more fully shown.

8. That the Defendant, UNION PACIFIC, by and through its agents, servants and employees, violated the Locomotive Inspection Act, in that it failed to provide Plaintiff with a locomotive and its appurtenances which were in a proper condition and safe to operate in the service to which it was put, by committing one or more of the following acts or omissions in violation of the act, to wit:

   (a) Failed to provide Plaintiff with an operational dynamic braking system on its locomotive;

   (b) Failed to inspect and maintain the dynamic braking system of its locomotives;

   (c) Violated 49 C.F.R. Section 229.46, in providing Plaintiff with a locomotive with a dynamic braking system which was not in proper and safe condition;

   (d) Violated 49 C.F.R. Section 229.23 in failing to conduct periodic inspections of its locomotive and cab;

9.     That as a direct and proximate result, of the above-mentioned acts or omissions on the part of the Defendant, UNION PACIFIC, by and through its agents, servants and employees, the Plaintiff was injured when the student engineer missed a signal and the locomotive struck an eastbound train causing the Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissue, bones and vertebrae of the neck, back and spine; injuries to his rotator cuff and right shoulder; that he sustained a right calcaneus fracture, injuries to his lungs due to smoke inhalation; and contusions, cuts, abrasions, and bruises and injuries to his entire body; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries, that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to spend large sums of money for necessary medical car, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, BRUCE W. KOPASKEY, prays judgment against the Defendant, UNION PACIFIC, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest, and for such other relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

KUJAWSKI & NOWAK, P.C.


By: **s/ John P. Kujawski**
    JOHN P. KUJAWSKI, #3128922
    1331 Park Plaza Drive, Suite 2
    O'Fallon, Illinois 62269-1764
    Telephone: (618) 622-3600
    Facsimile: (618) 622-3700
    ATTORNEYS FOR PLAINTIFF